26 C.C.P.A. (Patents)

## In re COOK et al.

### Patent Appeal No. 4084.

Court of Customs and Patent Appeals.
May 29, 1939.

910

Cleon J. Sawyer, of New York City (James J. Kennedy Jr., of New York City, of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1, 3, 4, 6, and 10 to 15, inclusive, in appellants' application for a patent for an alleged invention relating to "toothed gearing."

Claims 1, 3, 11, and 13 are sufficiently illustrative of the appealed claims. They read:

"1. The combination of driving and driven gear elements having teeth of involute form with respect to base circles concentric about the axes of rotation of the said elements, in which the teeth of one of said elements are all-addendum and the teeth of the other of said elements all-dedendum, with a pressure angle lying between 22½° and 30°."

"3. The combination of a driving pinion and a driven gear wheel having teeth of involute form with respect to base circles concentric about the axes of rotation of the said elements, in which the teeth of said driving pinion are all-addendum and the teeth of said driven wheel are all-dedendum, with a pressure angle lying between 22½° and 30°."

"11. The combination claimed in Claim 1, in which the pressure angle is substantially 25½°."

"13. The combination claimed in claim 3 applied to a wheel and pinion in which the teeth are of helical form inclined at an angle of about 30° to a plane containing the axis of the wheel."

The references are:

Wagner, 1,194,904, August 15, 1916;

Von Soden-Fraunhofen, 1,506,918, September 2, 1924;

"Spur and Bevel Gearing," Chapter XIV, page 297, "Long and Short Addendum Gears," received in Patent Office Library September 1, 1914;

"Spur Gears" by Earle Buckingham, page 175, received in Patent Office Library April 18, 1928;

Aichele (British), 161,532, April 4, 1921;

Wildhaber (British), 266,163, February 24, 1927.

In appellants' structure, as will be observed from the quoted claims, the teeth in the driving and driven gear elements are involute in form, and are all-addendum in one of said elements and all-dedendum in the other, with a pressure angle lying between 22½° and 30°, as stated in claims 1 and 3, or substantially 25½°, as stated in claim 11. The terms "all-addendum" and "all-dedendum" in the appealed claims mean that the "working faces of the teeth of one element are outside, and those of the other element inside, their respective pitch circles."

By the term "pitch circle" is meant, according to appellants' application, "circles passing through the pitch point and co-axial with the axes of rotation of the intermeshing gear wheels."

The purpose of appellants' alleged invention, which it is conceded by the tribunals of the Patent Office has been accomplished, was to provide a form of gearing that would substantially reduce the amount of wear in operation.

The patent to Wagner relates to improvements in gear teeth. The purpose of the patentee was to provide intermeshing gear teeth that would "operate with little or no rubbing action." His teeth are not described as being all-addendum in one gear and all-dedendum in the other, nor is any pressure angle mentioned in the patent.

The patent to Von Soden-Fraunhofen discloses all-addendum and all-dedendum gearing, but no mention is made as to the pressure angle.

The publication "Spur and Double Gearing" discloses a 20° pressure angle for a gear system in which the addendum of the pinion is only 70%. The publication also discloses that "With the addendum or face of the driver lengthened, the arc of approach of the gear tooth action is lessened and the arc of recess is increased—becoming all recess and no approach when the driver has only faces [addendum] and the driven gear only flanks [dedendum]." This is a disclosure of the all-addendum principle; that is, a system in which the teeth of one of the gear elements are all-addendum and the teeth of the other all-dedendum. However, no pressure angle is mentioned for such gearing—the author of the article evidently not realizing that the pressure angle for such gearing was a matter of importance.

The publication "Spur Gears" discloses a gear system in which the pressure angles range from 14½° to 23° 16'. However, it does not disclose a gear system in which the teeth of one of the gear elements are all-addendum and the teeth of the other all-dedendum.

The British patent to Aichele discloses a gear system having "helical toothed wheels." The teeth in one gear element are all-addendum and the teeth in the other are all-dedendum. However, the teeth are not involute in form, nor does the patentee mention any pressure angle.

The British patent to Wildhaber discloses a gear system in which the teeth of one of the gear elements are all-addendum and the teeth of the other are all-dedendum. The patentee's gear teeth are not involute in form, nor is any mention made of pressure angle.

In holding that the appealed claims were unpatentable, the Primary Examiner stated, inter alia: "It is well recognized in the art that the particular pressure angle and the particular helical angle are matters only of choice or selection in the lay-out of a gear.

This being widely known, it would not be strictly necessary to cite a reference showing the use of various pressure angles in rejecting the claims of this case. However, the publication 'Spur Gears' shows the use of pressure angles varying from 14½° to 23° 16'. Also the publication 'Spur and Bevel Gearing' on page 279 shows a table headed '20 degree Pressure Angle.' As to all addendum and all dedendum teeth, their use is shown old by the latter publication. The terms 'all addendum' and 'all dedendum' simply mean respectively that the teeth of one gear lie wholly outside the pitch circle and the teeth of the meshing gear lie wholly inside the pitch circle. The publication 'Spur and Bevel Gearing' shows this idea applied to involute gears. Von Soden-Fraunhofen shows it applied to a gear set of which one gear has involute teeth and the British patents also show its use."

In its original decision affirming the decision of the Primary Examiner, the Board of Appeals said, among other things, that:

"It appears to be clear from the above that applicants are not the first ones to invent a gearing having involute teeth and in which the teeth of one gear are all-addendum and the teeth of the cooperating gear are all-dedendum. Applicants, however, urge that the pressure angle which they specify in the claims is of great importance and is critical. To support this, affidavits have been filed setting forth that it required a long time of experimentation to obtain the correct pressure angle to make the gearing satisfactory. It is also set forth that the gearing has gone into considerable commercial use.

"The examiner holds that the particular pressure angle is a matter of selection and cites a publication showing the use of a range of pressure angles which comes within the range set forth in claim 1. The publication of course does not show the type of gear teeth specified in the claim.

"Applicants have not given us any fundamental reasons why the pressure angle used by them is critical. It is stated that their gearing proved satisfactory. It is our view that applicants have not conclusively shown that the pressure angle is critical. The range given in claim 1 and others is quite wide and it does not appear that such a wide range involves anything critical. It is also not seen that any particular one within the range is critical. Since various pressure angles have been used in gears it would clearly be within the province of a

designer to select various pressure angles in attempting to make a satisfactory gearing. He would, of course, try more than one pressure angle to ascertain what effect they may have. He would be merely doing what any designer would be expected to do to select the pressure angle specified in the claims. We are unable to see that applicants have made any meritorious advance to select the pressure angle in an otherwise old type of gearing."

In its decision denying a request for reconsideration of its original decision, the Board of Appeals stated, inter alia: "The examiner held that since the prior art showed that different pressure angles had been used, it was mainly a question of a selection of some particular pressure angle. We stated in our decision that applicant has given no fundamental reasons why the pressure angle is critical. We recognized, of course, that different pressure angles will give somewhat different results, but the difference is a matter of degree. Applicant may have experimented and found some angle which is quite efficient in practical operation. However, any designer would naturally try different angles to ascertain which one is the best in practical operation."

Although some of the references disclose the idea of providing tooth gear systems in which the teeth of one of the gear elements are all-addendum and the teeth of the other all-dedendum, there is no mention in any of those references of pressure angles.

The publication "Spur Gears" discloses a gear system in which pressure angles range from 14½° to 23° 16'. However, it does not disclose the type of gear system claimed by appellants; that is, a gearing in which the teeth of one of the gear elements are all-addendum and the teeth of the other all-dedendum.

The publication "Spur and Double Gearing" discloses a 20° pressure angle in a type of gearing in which the addendum of the pinion is only 70%. A gear system in which the teeth of one of the gear elements are all-addendum and the teeth of the other all-dedendum is also disclosed in the reference, but no pressure angle is suggested for that type of gearing.

It may be said, therefore, that there is no suggestion in any of the references of any pressure angle for a gear system of the type here claimed by appellants.

It appears from the affidavit of Stanley Smith Cook, one of the joint inventors, that he is "a Bachelor of Arts of the University of Cambridge, a Fellow of the Royal Society of London, a Member of the Institution of Naval Architects, a Member of the Institution of Metals, a Member of the Institute of Marine Engineers and a Fellow of the North East Coast Institution of Engineers and Shipbuilders of New-castle-upon-Tyne, all of England"; that he is a "Director of the Parsons Marine Steam Turbine Company Limited, of Turbinia Works, Wallsend-on-Tyne, in the County of Northumberland, England, and * * * [has] acted as Technical Manager for that Company for 25 years, prior to which period * * * [he] was employed by the Company as a Technical Expert for 7 years"; and that his "duties in such employment for the last 26 years have included general design, construction and development work in the field of gearing for high-speed, high-power transmission". The affiant further stated:

"(4) During the last 26 years to my personal knowledge the problem of developing gearing for high-speed, high-power transmission and particularly of developing such gearing for mechanical drives for marine turbines has occupied a great deal of the time and effort of the Parsons Company as well as of other companies in the field, and I am familiar with the efforts that have been made during this period by the qualified engineers to obtain an improved solution of the problem."

"(6) Prior to this invention, gearing which when new operated quietly without undue vibration and with a high efficiency of power transmission, was liable, after it had been in use for a time to become noisy, cause objectionable vibration and work less efficiently."

It further appears from that affidavit that the use of all-addendum and all-dedendum gears was regarded by engineers and others skilled in the art as impracticable for "large power transmissions"; that the affiant conducted a series of experiments commencing in 1924 and lasting for about two years in an effort to design satisfactory gears "with all-addendum pinion teeth and all-dedendum wheel teeth" with normal pressure angles of about 16½°; that all of such gears proved unsatisfactory; that, after a few hours running with a normal load, the pinion teeth were found to be seriously worn and abraded; that experiments were continued for a period of three years

before it was discovered that the difficulty was not with the all-addendum principle, but rather with the pressure angle; that affiant had used in his experiments what was considered in the art to be the normal pressure angle (about 16½°); that, prior to appellants' alleged invention, affiant shared the view held by the better informed engineers that "large pressure angles were undesirable on account both of the cross forces on the bearings and of the reduction in the length of the arc of contact"; and that appellants discovered that a gear system in which the teeth of one of the gear elements were all-addendum and the teeth of the other all-dedendum would not operate satisfactorily unless pressure angles were increased from the usual values to between 22½° and 30°. It further appears from the affidavit of Cook and that of Robert J. Walker, president and managing director of The Parsons Marine Steam Turbine Company Limited, of Turbinia Works, Wallsend-on-Tyne, England, that, by virtue of its superiority, appellants' gear system has been adopted by practically all British builders of geared turbines, and is commercially successful.

It appears from the affidavit of George Gerald Stoney that he is a "Doctor of Science of the University of Durham, a Fellow of the Royal Society of London, a Member of the Institution of Civil Engineers, a Member of the Institution of Mechanical Engineers and a Member of the Institution of Electrical Engineers, all of London"; that he had been "intimately associated in various experimental and advisory capacities with the development of the modern steam turbine, both land and marine, since its inception towards the end of the nineteenth century"; that he was "Professor of Mechanical Engineering in the College of Technology and in the Victoria University, Manchester, from 1917 to 1926 and from 1926 to 1930 carried out much research work in connection with steam turbines"; that he was familiar with ordinary involute toothed gearing used in marine turbines "during the last 25 years" and with the defects of such gear systems; that the pressure angles of 22½° to 30°, specified in the appealed claims, are critical in a gear system in which the teeth of one gear element are all-addendum and the teeth of the other all-dedendum; and that unless a pressure angle is used within that range, such a gear system is not satisfactory.

The only difference of opinion between the Patent Office tribunals and counsel for appellants is as to the criticalness of the pressure angle range specified in the appealed claims.

The prior art does not suggest what pressure angles are proper for the type of toothed gearing claimed by appellants.

It may be, in view of the prior art, that the pressure angle in other types of toothed gearing is a mere matter of choice or selection by one skilled in the art. In view of the fact, however, that it required three years of experimentation by experts in the gearing art to discover that toothed gearing of the type defined by the appealed claims would operate successfully only in the event large pressure angles (ranging from 22½° to 30°), theretofore considered undesirable, were used, it would seem to be clear that such pressure angles for such gearing were not a mere matter of choice or selection.

Considering the facts and circumstances of record, we are of opinion that the range of pressure angles (22½° to 30°) set forth in the appealed claims is critical, and that the toothed gearing defined by the appealed claims involves invention.

The decision of the Board of Appeals is reversed.

Reversed.

LENROOT, Associate Judge, dissents.